## BONDY v DAVIS

1. PARTNERSHIPS—ACCOUNTING.

An accounting is an appropriate remedy in a suit between partners that involves partnership relation or interest, or partnership property, especially if fraud or concealment is charged or if the partnership affairs or assets are in a complicated condition.

2. PARTNERSHIPS—ACCOUNTING—RIGHT TO ACCOUNTING.

Plaintiff partner was entitled to an accounting where the plaintiff's evidence showed that a partnership agreement between himself and the defendant was entered into on August 2, 1961, for a used car business in Lansing; that the business operation prospered during the first year, but during the second year the business was not successful; that at this time, the parties met with a bookkeeper to try to determine where the missing monies were; that the bookkeeper, who had lost his records, said that there was a discrepancy in the accounts; that plaintiff was responsible for doing car maintenance work, while the defendant handled the sales and kept records for the operation, including the deposit of partnership monies; that, according to an officer for the Secretary of State in Grand Ledge, when the defendant brought in car deals for recording, some were from the partnership business and some were from another car business and that it was unusual for Lansing car dealers to come to the Grand Ledge office for the transfer of car titles; that, according to a member of an accounting firm, records were actually inauditable, that on certain occasions, cars were floor planned and no deposits were made into the bank account; at other times there was more in the bank than was listed on deposit; that at least one floor-planned car had been sold and not paid off, and that when the business ultimately terminated,

REFERENCES FOR POINTS IN HEADNOTES

[1] 60 Am Jur 2d, Partnership § 266.
[2] 60 Am Jur 2d, Partnership § 265.
[3] 60 Am Jur 2d, Partnership § 350.
[4] 60 Am Jur 2d, Partnership § 264 *et seq.*

plaintiff was forced to borrow $3,000 from a bank to pay off the partnership obligations.

3. PARTNERSHIPS—ACCOUNTING—IMPRECISE RECORDS.

When court-ordered accounting shows that partnership records are incapable of rendering precise accounts, the court should undertake to be as fair as possible in establishing amounts owed.

4. PARTNERSHIPS—ACCOUNTING—FRAUD.

An accounting should be ordered between partners even where strict proof of fraud does not exist since the confidential relationships make the matter of proof difficult.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 February 9, 1972, at Lansing. (Docket No. 10802.) Decided April 25, 1972.

Complaint by William Bondy against Elbert F. Davis for an accounting of partnership funds. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*H. Donald Bruce,* for plaintiff.

*Younger & Keyworth,* for defendants.

Before: McGREGOR, P. J., and LEVIN and TARGONSKI,* JJ.

McGREGOR, P. J. On December 8, 1965, plaintiff instituted an action in circuit court, praying that a partnership accounting be made, to settle the respective partnership interests of plaintiff and defendant. Plaintiff contended that defendant had defrauded plaintiff by appropriating partnership funds to his own use, that settlement of an equity interest in a land contract was required, and that plaintiff had paid $3,100 from personal funds to

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

settle partnership obligations. Plaintiff asked that defendant be called personally to account for his actions, that a partnership accounting be taken by a third party at the court's direction, that defendant be obligated by court order to pay sums due, and that a receiver be appointed. Plaintiff's request for a receiver was denied by court order on March 10, 1966.

Early in 1970, a trial was held with regard to whether an accounting should be ordered. The 200 pages of transcript are a shambles, replete with arguments between the attorneys over phrasing of questions in the introduction of evidence. The trial court was given inadequate assistance in correctly determining the issues at stake.

Testimony at the trial may be summarized as follows: Plaintiff testified that a partnership agreement between himself and the defendant was entered into on August 2, 1961, for a business known as Bill Bondy Used Cars; that the business operation prospered during the first year, but during the second year the business was not successful; that at this time, the parties met with a bookkeeper to try to determine where the missing monies were. The bookkeeper made a complete audit of the business. The trial court refused, on evidentiary grounds, to permit the plaintiff to state the results of this audit. Plaintiff stated that he was responsible for doing car maintenance work in conjunction with the operation of Bill Bondy Used Cars, while defendant handled the sales and kept records for the operation, including the deposit of partnership monies. The records of the business are, at the present time, at plaintiff's used-car lot. The bookkeeper's audit of the partnership records was subsequently lost. The bookkeeper testified that he did not know the location of the report which he had

made for the firm; he indicated that his audit disclosed a difference between the amount of sales and the amount of deposits for the firm, but that he could not recall whether deposits exceeded sales or *vice versa.*

An officer for the Secretary of State in Grand Ledge testified that, when the defendant brought in car deals for recording, some were from Bill Bondy Used Cars, and some were from Barr Motor Sales. He also stated that it was unusual for Lansing car dealers to come to the Grand Ledge office for the transfer of car titles.

A member of an accounting firm stated that plaintiff brought records to him to see if he could find any discrepancies; he testified that his investigation disclosed that these particular records were actually inauditable. The evidence further showed that, on certain occasions, cars were floor planned and no deposits were made into the bank account; at other times there was more in the bank than was listed on deposit. An employee of a creditor bank from 1961 to 1964 stated that he remembered one problem which arose with regard to Bill Bondy Used Cars: the used car operation was floor planned with the bank; it was the witness's task to check on the presence of floor planned cars on the premises of the used car lot, and that on one occasion a Lincoln Continental was not on the lot, and upon inquiry, the defendant told the witness that the car was out on demonstration. The witness testified that he later learned that the car had been sold and not paid off.

When the business ultimately terminated, plaintiff was forced to borrow $3,000 from a bank to pay off the partnership obligations.

After a day and a half of trial, the trial judge halted the proceedings and ordered the plaintiff to

submit a memorandum supporting the admission of certain exhibits in evidence, or be subject to defendant's motion to dismiss. Following the receipt of plaintiff's memorandum, the trial court ordered the case dismissed. The trial court apparently concluded that plaintiff had not sustained his burden of proof. This fact becomes the issue on appeal.

Michigan law relevant to the above issue is: MCLA 449.18–449.22; MSA 20.18–20.22:

"Sec. 18. The rights and duties of the partners in relation to the partnership shall be determined, subject to any agreement between them, by the following rules:

"(a) Each partner shall be repaid his contributions, whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied; and must contribute towards the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits;

"(b) The partnership must indemnify every partner in respect of payments made and personal liabilities reasonably incurred by him in the ordinary and proper conduct of its business, or for the preservation of its business or property;

\* \* \*

"Sec. 21.

"(1) Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property;

\* \* \*

"Sec. 22. Any partner shall have the right to a formal account as to partnership affairs:

"(a) If he is wrongfully excluded from the partnership business or possession of its property by his copartners,

"(b) If the right exists under the terms of any agreement,

"(c) As provided by section 21,

"(d) Whenever other circumstances render it just and reasonable."

The nature of an action for an accounting in general, and specifically for a partnership accounting is discussed in 8 Callaghan's Michigan Pleading and Practice (2d ed), §§ 59.04, 59.07, pp 6–7, 11, "Accounting Suits". The pertinent sections are as follows:

"§ 59.04—Fiduciary or trust relation.

"As a rule, an accounting suit is maintainable in the case of a fiduciary or trust relation between the parties, under which one party has a right to an accounting and a duty rests upon the other to keep and render an account. The existence of any fiduciary relationship, and particularly a trust of a continuing character, which is incapable of being adjudicated in a court of law or probate, confers jurisdiction upon a court of equity to decree an accounting by one upon whom the duty of rendering an account rests.

\* \* \*

"§ 59.07—Right to accounting, and duty to keep and render account.

"The maintenance of an accounting suit depends, on the one hand, upon the right of the plaintiff to demand an accounting by the defendant, and, on the other hand, upon the duty of the defendant to keep and render an account to the plaintiff."

Accounting in equity is an appropriate remedy as between partners, where the suit involves a partnership relation or interest, or partnership property, especially if fraud or concealment is charged, or the partnership affairs or assets are in a complicated condition. In a proper case, suit may

be brought by a partner for an accounting as to the firm's assets or business.

In the instant case, plaintiff met his burden of proof in establishing his right to an accounting; in fact, he went much further. He introduced testimony to the effect that defendant managed the partnership's financial affairs. In several cases, the courts have observed that the burden of proof must lie most heavily on the party who managed partnership affairs, and that the questions of valuation will not be resolved in such a way as to excuse a wrongdoer and injure an innocent party. *Pierce v Pierce,* 89 Mich 233 (1891); *Godwin v Ace Iron and Metal Company,* 376 Mich 360 (1965).

A suit for an accounting invokes the powers of a court of equity. On the facts here present, the court should have entertained plaintiff's suit for an accounting. If necessary, the trial court should order an audit by a disinterested third party. Since a partnership relationship was involved, defendant and plaintiff as partners stand in a fiduciary relationship. This is a matter both of statutory law, MCLA 449.21, *supra,* and the partnership agreement between these parties, which states:

"I. It is further agreed that each partner shall be just and faithful to the other of them and at all times give to such other full information and truthful explanations of all matters relating to the affairs of the partnership and afford every talent in his power to carry on the business for their mutual advantage."

Defendant had an obligation to account to plaintiff, as does plaintiff to defendant. If an audit, undertaken by a disinterested third party, shows that the partnership records are incapable of rendering precise accounts, then equity should undertake to be as fair as possible in establishing

amounts owed. If plaintiff's allegations are true, he should not, alone, bear the losses of a partnership relationship he shared equally with the defendant.

This is not an "arm's length" transaction. The confidential nature of plaintiff's relationship with defendant should not be ignored. The confidential relationship is what makes the matter of proof difficult for plaintiff in this case. Difficulties of proof attending a fiduciary relationship are the principal reasons for the existence of a suit in equity for an accounting. Plaintiff has met his burden of proof and is entitled to an accounting.

Reversed and remanded.

All concurred.