BELLWARE v WOLFFIS

Docket No. 77806. Submitted June 27, 1986, at Grand Rapids. Decided
September 15, 1986.

Plaintiff, Jack Bellware, filed suit in the Kalamazoo Circuit Court
against defendant, Karen Wolffis. Plaintiff alleged that he and
defendant purchased a travel agency which they operated
under an agreement as a partnership, but that defendant later
took exclusive control and possession of the business and the
partnership's assets without plaintiff's knowledge. Plaintiff's
complaint sought an accounting and damages for defendant's
alleged conversion of partnership assets. Defendant moved for
accelerated judgment, arguing that plaintiff lacked the legal
capacity to sue since no partnership certificate had been filed as
required by statute. The trial court, John E. Fitzgerald, J.,
granted defendant's motion and later denied plaintiff's motion
for a rehearing. Plaintiff appealed.

The Court of Appeals *held:*

1. The provision of the Uniform Partnership Act that disal-
lows a copartnership from filing an action in court unless the
copartnership has filed a certificate with the clerk of the county
where the copartnership business is located does not bar plain-
tiff's suit since the suit was brought in plaintiff's individual
capacity and not on behalf of the partnership.

2. The parties' partnership agreement was not, as the trial
court ruled, against public policy merely because the partner-
ship involved a "silent partner."

3. The trial court erred in applying the clean hands doctrine
to plaintiff. There was no showing of bad faith or improper
behavior on plaintiff's part relative to the partnership agree-
ment which would close the doors of equity to plaintiff's right
to an accounting.

4. The Uniform Partnership Act expressly provides that an
individual partner has a right to an accounting as to partner-

REFERENCES

Am Jur 2d, Partnership §§ 2-4, 7, 27, 28, 266, 355.
Construction, application, and effect of Uniform Partnership Act
§ 25(2)(b), relating to nonassignability of partner's right in specific
partnership property. 39 ALR2d 1365.

ship affairs where, as in this case, a partner alleges that he was wrongfully excluded from the partnership business or possession of its property by a copartner.

Reversed and remanded for further proceedings.

1. STATUTES — JUDICIAL CONSTRUCTION.

A reviewing court, when interpreting a statute, is to give effect to the intent of the Legislature, giving words their ordinary meanings, and if the language of the statute is clear it is assumed that the Legislature intended the plainly expressed meaning and the statute must be enforced as written.

2. PARTNERSHIP — UNIFORM PARTNERSHIP ACT — REGISTRATION RE-
QUIREMENT — LIMITATION OF ACTIONS.

The provision of the Uniform Partnership Act that disallows a copartnership from filing an action in court unless the copartnership has filed a certificate with the clerk of the county where the copartnership business is located does not bar a suit by a partner in his individual capacity against a copartner seeking a formal accounting (MCL 449.101, 449.106; MSA 20.111, 20.118).

3. EQUITY — CLEAN HANDS.

One who seeks the aid of equity must come with clean hands; any wilful act concerning the cause of action which transgresses equitable standards of conduct is sufficient cause for the invocation of the clean hands doctrine.

4. PARTNERSHIP — UNIFORM PARTNERSHIP ACT — ACCOUNTING.

An accounting is an appropriate remedy in a suit between partners that involves partnership relation or interest, or partnership property, especially if fraud or concealment is charged or if the partnership affairs or assets are in a complicated condition (MCL 449.22; MSA 20.22).

*Miller & Miller, P.C.* (by *Jerry L. Miller*), for plaintiff.

*Annen & Charland* (by *Ed Annen, Jr.*), for defendant.

Before: R. B. BURNS, P.J., and R. M. MAHER and F. D. BROUILLETTE,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Plaintiff appeals as of right from a Kalamazoo Circuit Court order granting defendant's motion for accelerated judgment.

Plaintiff's complaint alleges that in October, 1978, he and defendant entered into an agreement to purchase a travel agency and that the business was operated as a partnership until July 29, 1981. In the spring of 1981, plaintiff rejected defendant's offer to purchase plaintiff's interest in the partnership. Plaintiff alleged that in August, 1981, defendant, without plaintiff's knowledge, took exclusive control and possession of the business and the partnership's assets. Plaintiff claimed that defendant used the profits for her use and benefit to the exclusion of plaintiff and denied plaintiff any participation in the management of the business. In Count I, plaintiff sought an accounting. In Count II, plaintiff sought damages for defendant's conversion of partnership assets.

Defendant brought a motion for accelerated judgment pursuant to GCR 1963, 116.1(3), now MCR 2.116(C)(5), arguing that plaintiff lacked the legal capacity to sue since no partnership certificate had been filed as required by MCL 449.101; MSA 20.111. Defendant's motion was granted on June 7, 1983. On March 17, 1984, upon plaintiff's motion for rehearing, the trial court affirmed its decision granting defendant's motion for accelerated judgment.

MCL 449.101; MSA 20.111 (hereinafter referred to as § 1) provides in part:

> No two or more persons shall hereafter be engaged in carrying on any business as copartners unless such persons shall first make and file with the county clerk of the county in which such copartnership business is or shall be located, a certificate in writing, to be signed by each, and verified by the affidavit of one of the members of

said copartnership, setting forth the full name of each and every person composing the said copartnership, and the residence of each, the name and style of the firm, and the length of time for which it is to continue, if limited by the partnership contract, and also the locality of their place of business; which certificate shall be kept in the office of the said county clerk, as a public document, and open to the inspection of any person.

MCL 449.106; MSA 20.118 (hereinafter referred to as § 6) renders noncompliance with § 1 a misdemeanor and also provides:

. . . [t]he fact that a penalty is provided herein for noncompliance with the provisions of this act shall not be construed to avoid contracts, but any copartnership failing to file the certificate or renewal certificate required by this act shall be prohibited from bringing any suit, action or proceeding in any of the courts of this state until after full compliance with the provisions of this act.

The purpose of both statutes is to inform the public with whom it is dealing in order to prevent imposition and fraud. *Maurer v Greening Nursery Co*, 199 Mich 522; 165 NW 861 (1917).

We agree with the trial court that as a general rule contracts in violation of statutes enacted to protect the public against imposition or fraud are void. See e.g. *Cashin v Pliter*, 168 Mich 386; 134 NW 482 (1912). The general rule, however, is not applicable in this case. Section 6 expressly states that noncompliance with § 1 does not render contracts void. Pursuant to § 6, the contracts are merely unenforceable and remain unenforceable until § 1 has been complied with.

Furthermore, as we construe the statute, § 6 does not bar suit on the underlying partnership

agreement. The rules of statutory construction require that we give effect to the intent of the Legislature. Words in the statute must be given their ordinary meanings. Where the language of the statute is clear, it is assumed that the Legislature intended the plainly expressed meaning and the statute must be enforced as written. *Bailey v DAIIE*, 143 Mich App 223, 225; 371 NW2d 917 (1985), lv den 424 Mich 867 (1986).

The language of § 6 is clear and unambiguous. The statute states that any *copartnership* which fails to file a certificate is prohibited from bringing suit until § 1 is complied with. Section 6 does not preclude a partner in the noncomplying partnership from bringing an action against another partner. We are persuaded by this Court's reasoning in *Community Associates v Meridian Twp*, 110 Mich App 807, 810-811; 314 NW2d 490 (1981):

> The incapacity imposed by [§ 6] for noncompliance is a penalty. A penalty created by statute cannot be extended by implication. *Davidow v Wadsworth Manufacturing Co*, 211 Mich 90, 94; 178 NW 776 (1920). Strictly construed, the incapacity provision applies only to courts and not to administrative agencies, including the Tax Tribunal.

Likewise, the incapacity provision, when strictly construed, applies only to copartnerships and not to actions by one partner against another. In this case, plaintiff is not acting as an agent of the partnership, but brings this action to enforce his individual rights under the Uniform Partnership Act, MCL 449.1 *et seq.;* MSA 20.1 *et seq.* We hold that noncompliance with the filing requirements of § 1 does not bar a partner from enforcing his individual rights against another partner.

The trial court also held that since the partner-

ship involved a "silent partner," the agreement was against public policy and could not be enforced by the courts. In so holding, the trial court relied on *Rigo v DeGutis,* 341 Mich 126, 129; 67 NW2d 224 (1954), wherein this Court stated:

> That a partnership, to operate a liquor business with a silent partner, is against the public policy of the State, and unenforceable, is clearly suggested in *Beemer v Hughes,* 179 Mich 110 [146 NW 198 (1914)].

The instant case, however, does not involve a liquor business and, thus, the rule of *Rigo* is not applicable.

The trial court held that plaintiff's suit is barred by the "clean hands" doctrine. A suit for an accounting invokes the powers of a court of equity. *Bondy v Davis,* 40 Mich App 153, 159; 198 NW2d 418 (1972). "[O]ne who seeks the aid of equity must come in with clean hands." *Stachnik v Winkel,* 394 Mich 375, 382; 230 NW2d 529 (1975). Any wilful act concerning the cause of action which transgresses equitable standards of conduct is sufficient cause for the invocation of the clean hands doctrine. *Id.,* p 386.

The trial court did not expressly state why it applied the clean hands doctrine. We surmise from the opinion, however, that the trial court concluded that plaintiff lacked "clean hands" because the partnership certificate had not been filed. We disagree. Even if we characterize the failure to file the partnership certificate as a wilful act, we cannot say that the noncompliance with § 1 is misconduct or bad faith relative to the matter in which he seeks relief. There is no showing of bad faith or improper behavior on plaintiff's part relative to the partnership agreement which would

close the doors of equity to plaintiff's right to an accounting.

The trial court also held that an individual partner has no right to an accounting. We disagree. MCL 449.22; MSA 20.22 provides the individual partners with the right to a formal accounting. In *Bondy, supra,* pp 158-159, this Court stated:

> Accounting in equity is an appropriate remedy as between partners, where the suit involves a partnership relation or interest, or partnership property, especially if fraud or concealment is charged, or the partnership affairs or assets are in a complicated condition. In a proper case, suit may be brought by a partner for an accounting as to the firm's assets or business.

The trial court's order for accelerated judgment is reversed.

Reversed and remanded for further proceedings.