YPSILANTI HOUSING COMMISSION v O'DAY

Docket No. 220946. Submitted January 11, 2000, at Lansing. Decided April
    21, 2000, at 9:30 A.M.

   The Ypsilanti Housing Commission initiated in the 14-A District Court
   summary proceedings for recovery of possession of premises pur-
   suant to MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.*, against Flora
   O'Day, a month-to-month tenant in public housing. Before bringing
   the action, the plaintiff, relying on a lease provision that allows it
   to terminate the lease for unlawful drug-related activity on or off
   leased premises by a member of the tenant's household upon seven
   days' notice to the tenant, served the defendant a seven-day notice
   to quit on the basis of drug-related activities off the leased prem-
   ises by the defendant's daughter, who was a member of the defend-
   ant's household. A jury returned a verdict for the plaintiff, and the
   court entered an eviction order. The Washtenaw Circuit Court,
   David S. Swartz, J., affirmed, rejecting the defendant's claim that
   she was entitled under Michigan law to a thirty-day notice to quit,
   not the seven-day notice she received. The defendant appealed by
   leave granted.

   The Court of Appeals *held*:

   The defendant, under the circumstances of this case, was enti-
   tled under Michigan law to a thirty-day notice to quit. The lower
   courts erred in failing to dismiss the action.

   1. Subsection 5714(1)(b) of the summary proceedings act, MCL
   600.5714(1)(b); MSA 27A.5714(1)(b), which allows recovery of pos-
   session of leased premises by summary proceedings upon seven
   days' notice to quit where a lease provides for termination for
   unlawful drug activity on the leased premises, does not apply to
   this case because the drug activities were off the leased premises.

   2. Subsection 5714(1)(c)(iii) of the summary proceedings act,
   MCL 600.5714(1)(c)(iii); MSA 27A.5714(1)(c)(iii), allows recovery of
   possession of leased premises by summary proceedings after the
   termination of the tenant's estate by a notice to quit as provided by
   MCL 554.134; MSA 26.1104 (§ 34). Subsection 34(4) allows for ter-
   mination of a lease upon seven days' notice to quit where the lease
   provides for termination for unlawful drug activity on the leased

premises. Subsection 34(4) does not apply to this case because the drug activities were off the leased premises.

3. Subsection 34(1) provides that an estate at will or by sufferance may be terminated by either party by one month's notice given to the other party. Termination of the defendant's tenancy is subject to the thirty-day notice to quit requirement of subsection 34(1).

4. Subsection 5714(1)(c)(i) of the summary proceedings act, MCL 600.5714(1)(c)(i); MSA 27A.5714(1)(c)(i), which allows recovery of possession of leased premises by summary proceedings after termination of the lease pursuant to a power to terminate provided in the lease, does not apply so as to allow the defendant's tenancy to be terminated upon seven days' notice to quit pursuant to the lease provision relating to drug activity on or off the leased premises. Section 3 of the Truth in Renting Act, MCL 554.633; MSA 26.1138(33), prohibits and makes void any provision in a rental agreement that waives or alters a party's rights with respect to summary proceedings to recover possession as provided in MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* In this case, the provision in the lease that allows for termination for drug activity off the leased premises upon seven days' notice to quit is void under § 3 inasmuch as a seven-day notice to quit based on drug activity off the premises is not provided in subsection 5714(1)(b) or subsection 5714(1)(c)(i) through § 34.

5. The thirty-day notice requirement in this case, as mandated by §§ 5714 and 34, does not conflict with 42 USC 1437($l$)(3), which allows a reasonable time, not to exceed thirty days, for notice for eviction from public housing on health and safety grounds.

Reversed and remanded for dismissal.

LANDLORD AND TENANT — LEASE TERMINATION — UNLAWFUL DRUG-RELATED ACTIVITY OFF PREMISES.

A lease provision that allows a landlord to terminate a month-to-month lease upon seven days' notice to quit for unlawful drug-related activity off the leased premises by the tenant, a member of the tenant's household, or other person under the tenant's control contravenes the summary proceedings act and is rendered void by the Truth in Renting Act; a thirty-day notice to quit is required in such case; a seven-day notice to quit is authorized under Michigan law only where the unlawful drug-related activity occurs on the leased premises (MCL 554.134, 554.633, 600.5714[1][b], [c][iii]; MSA 26.1104, 26.1138[33], 27A.5714[1][b], [c][iii]).

*Hamilton, McDonald & Carter* (by *Frederick L. McDonald*), for the appellee.

Michigan Clinical Law Program (by *Nicholas J. Rine* and *Juliet M. Brodie*), for the appellant.

Before: WHITBECK, P.J., and HOEKSTRA and OWENS, JJ.

PER CURIAM. Defendant appeals by leave granted an order of the circuit court that affirmed the eviction order of the district court. We reverse and remand.

I

Pursuant to a seven-day notice to quit, plaintiff notified defendant that it was terminating her tenancy in a public housing complex and seeking eviction on the basis of her adult daughter's involvement in drug-related activities that occurred at a location away from the leased premises. Defendant's daughter was listed on the lease as a member of the household. The lease provided in part that the lease may be terminated if a member of the household engaged in drug-related activity on or off the leased premises. Following a jury trial in the district court, an order of eviction was entered. Defendant appealed that order to the circuit court, which affirmed.

II

Defendant argues on appeal that the lease provision on which plaintiff relied to justify her eviction is void because it violates Michigan's Truth in Renting Act, MCL 554.631 *et seq.*; MSA 26.1138(31) *et seq.*, and therefore the trial court erred in failing to declare it invalid. In essence, defendant argues that the case

should have been dismissed because the seven-day notice to quit provided by plaintiff was insufficient under Michigan statutory law and was based on a lease provision that is void under the Truth in Renting Act. We agree with defendant and hold that the lower courts erred in failing to dismiss this case because, under the circumstances, defendant was entitled to one month's notice under MCL 554.134; MSA 26.1104, and thus the seven-day notice to quit provided by plaintiff was insufficient.

III

Defendant's arguments raise issues of statutory interpretation, which we review de novo. *Faircloth v Family Independence Agency*, 232 Mich App 391, 406; 591 NW2d 314 (1998). The principal goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998), quoting the Court of Appeals opinion in the case, 219 Mich App 165, 169; 555 NW2d 510 (1996). In determining intent, this Court first looks at the specific language of the statute. *House Speaker v State Administrative Bd*, 441 Mich 547, 567; 495 NW2d 539 (1993). If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted, unless a literal construction of the statute would produce unreasonable and unjust results inconsistent with the purpose of the statute. *In re Approximately Forty Acres in Tallmadge Twp*, 223 Mich App 454, 460; 566 NW2d 652 (1997). In construing statutes, the court should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Altman v*

*Meridian Twp*, 439 Mich 623, 635; 487 NW2d 155 (1992), modified 440 Mich 1204 (1992). Statutes that relate to the same subject or share a common purpose are in pari materia and must be read together as one law, even if they contain no reference to one another and were enacted on different dates. *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998).

IV

In the present case, plaintiff pursued eviction of defendant in the district court under the summary proceedings act, MCL 600.5701 *et seq.*; MSA 27A.5701 *et seq.* "To facilitate resort to judicial process, the summary proceedings act provides a procedure in district and municipal courts for recovery of possession of realty in an expeditious manner." *De Bruyn Produce Co v Romero*, 202 Mich App 92, 104; 508 NW2d 150 (1993); see MCL 600.5735; MSA 27A.5735. Section 5714. of the act, MCL 600.5714; MSA 27A.5714, provides certain instances when a landlord may recover possession of the premises through summary proceedings, including in pertinent part:

(1) A person entitled to premises may recover possession of the premises by summary proceedings in the following cases:

\*        \*        \*

(b) When a person holds over premises for 7 days following service of a written demand for possession for termination of the lease pursuant to a clause in the lease providing for termination because a tenant, a member of the tenant's household, or other person under the tenant's control has unlawfully manufactured, delivered, possessed with intent

to deliver, or possessed a controlled substance *on the leased premises*. This subdivision applies only if a formal police report has been filed by the landlord alleging that the person has unlawfully manufactured, delivered, possessed with intent to deliver, or possessed a controlled substance *on the leased premises*. . . .

(c) When a person holds over premises in 1 or more of the following circumstances:

(i) After termination of the lease, pursuant to a power to terminate provided in the lease or implied by law.

\*    \*    \*

(iii) After the termination of the person's estate by a notice to quit as provided by section 34 of chapter 66 of the Revised Statutes of 1846, as amended, being section 554.134 of the Michigan Compiled Laws. [MCL 600.5714(1); MSA 27A.5714(1) (emphasis supplied).]

In the present case, defendant claims that subsection 5714(1)(b) is inapplicable because the drug-related activity did not occur *on the leased premises*. We agree. The plain language of subsection 5714(1)(b) requires that the activity cited as the basis for proceeding under this provision occur *on the leased premises*.[1] Because defendant's daughter's drug-related activity was conducted off the leased premises, a necessary element of subsection 5714(1)(b) is not met, and therefore plaintiff could not properly proceed under subsection 5714(1)(b).

Nor does the current situation meet the requirements for summary proceedings under subsection 5714(1)(c)(iii), which allows summary proceedings "[a]fter the termination of the person's estate by a

---

[1] Defendant makes no argument on appeal regarding the other elements necessary for summary proceedings under subsection 5714(1)(b).

notice to quit as provided by . . . [MCL 554.134; MSA 26.1104 (§ 34)]." Section 34 provides in relevant part:

(1) Except as provided otherwise in this section, an estate at will or by sufferance may be terminated by either party by 1 month's notice given to the other party. If the rent reserved in a lease is payable at periods of less than 3 months, the time of notice is sufficient if it is equal to the interval between the times of payment. . . .

\*     \*     \*

(4) If a tenant holds over after a lease is terminated pursuant to a clause in the lease providing for termination because the tenant, a member of the tenant's household, or other person under the tenant's control has manufactured, delivered, possessed with intent to deliver, or possessed a controlled substance *on the leased premises*, the landlord may terminate the tenancy by giving the tenant a written 7-day notice to quit. This subsection applies only if a formal police report has been filed by the landlord alleging that the person has unlawfully manufactured, delivered, possessed with intent to deliver, or possess [sic] a controlled substance *on the leased premises*. . . . [MCL 554.134; MSA 26.1104 (emphasis supplied).]

In the present case, defendant was entitled to one month's notice under subsection 34(1), which is a codification of the common-law rule regarding the amount of notice required to terminate month-to-month tenancies, *Feister v Bosack*, 198 Mich App 19, 25-26; 497 NW2d 522 (1993), because subsection 34(4) is not implicated here. Under the plain language of subsection 34(4), a seven-day notice to quit for controlled substance offenses is allowed only if the offense occurred *on the leased premises*. It is clear that the drug-related activity conducted by defendant's daughter took place *off* the premises. Thus, subsection 34(4) does not authorize a seven-day notice to

quit for the type of activity forming the basis for the present eviction action—drug-related criminal activity *off* the leased premises. As such, the general provision, subsection 34(1), which requires one month's notice for a month-to-month lease, is operative.[2] Because defendant did not receive one month's notice of the termination of her lease as required by subsection 34(1), the summary proceedings in the district court were premature, and thus defendant's resultant eviction was improper.

We disagree with plaintiff's reliance on subsection 5714(1)(c)(i) and its argument that this subsection permits the operation of the lease provision allowing a seven-day notice to quit in the present circumstances. Plaintiff focuses on the language of the lease agreement, which provides for termination of the lease when drug-related activity is conducted *on or off* the premises by giving the resident a seven-day notice to quit:

> This lease may be terminated if the resident, a member of the resident's household, or other person under the resident's control has manufactured, delivered, possessed with intent to deliver, or possessed a controlled substance on the leased premises, by giving the resident a written 7-day notice to quit, provided a formal police report has been filed by the landlord alleging that the person has unlawfully manufactured, delivered, possessed with intent to deliver, or possessed a controlled substance on the leased premises or sufficient evidence is presented to the landlord that illegal activities are being engaged in, on or off the leased premises.

---

[2] The initial term for the lease was one year, and thereafter it continued on a month-to-month basis until terminated by either party upon proper notice.

The lease also provides a clause in its "One Strike Policy" stating that "[a]ll activities listed above in Paragraph[s] 21 and 22 [which includes the language quoted above], shall include any and all activities on or off the premises of the Ypsilanti Housing Commission or premises under their control."

On the basis of the language of the lease, plaintiff claims its seven-day notice to quit was sufficient because plaintiff reads subsection 5714(1)(c)(i) to allow termination under a lease provision regardless of whether such provision more narrowly circumscribes the tenant's rights than the statutes at issue.[3] However, as defendant argues, § 3 of the Truth in Renting Act prohibits a provision in a rental agreement that "[w]aives or alters a party's rights . . . with respect to summary proceedings to recover possession as provided in chapter 57 of the revised judicature act of 1961, 1961 PA 236, MCL 600.5701 to 600.5759." MCL 554.633(1)(j); MSA 26.1138(33)(1)(j). Section 3 further states that "[a] provision or clause of a rental agreement that violates this section is void." MCL 554.633(3); MSA 26.1138(33)(3). Thus, because a seven-day notice to quit based on drug-related activity off the premises is not provided in subsection 5714(1)(b), nor subsection 5714(1)(c)(i) through § 34, and because this provision of the lease alters the tenant's rights with regard to summary proceedings, the portion of the lease agreement providing such notice when the illegal activity is conducted

---

[3] Plaintiff also relies on the preprinted note on the notice to quit form (DC 100c, 6/91) that states "[e]xcept for a 7 day notice given under the authority of MCL 600.5714(1)(b), if the lease agreement does not state otherwise, the landlord/landlady must give notice equal in time to at least one rental period." This note is not legally authoritative and we are not bound by its misguided pronouncement.

off the premises is void. As such, defendant received insufficient notice and the action should have been dismissed.

Moreover, although the lease provision in the present case would arguably be proper if subsection 34(4) and subsection 5714(1)(b) did not exist, holding that under subsection 5714(1)(c)(i) a lease may provide for a seven-day notice to quit for drug activity committed off the leased premises would effectively render subsections 34(1) and (4) nullities. Because this state's rules for statutory interpretation require that this Court avoid an interpretation that renders any portion of a statute nugatory, this argument must fail. *Altman, supra; Schuster, supra.*

Further, plaintiff relies on 42 USC 1437d(*l*)(3),[4] which provides that the public housing agency shall utilize a lease that requires adequate notice: (A) a reasonable time, not to exceed thirty days, when the health or safety of other tenants or public housing agency employees is threatened; (B) fourteen days in the case of nonpayment of rent; and (C) thirty days in any other case. Plaintiff claims that the health and safety provision of 42 USC 1437d(*l*)(3) applies to the present case and, under this provision, it was appropriate for plaintiff to give notice of a reasonable time less than thirty days. We disagree. The notice requirements in Michigan are not in conflict with the federal rules. 42 USC 1437d(*l*)(3)(A) allows a reasonable time, not to exceed thirty days, to evict on health and safety grounds; under MCL 554.134(1); MSA 26.1104(1), a tenancy may be terminated by one

---

[4] Subsection 1437d(*l*)(3) was redesignated as subsection *l*(4) in 1998. We will continue to refer to this provision as subsection *l*(3). This summary seems to be an accurate although abbreviated job description.

month's notice. Under 24 CFR 247.6(a), the public housing landlord must comply with state and local law in evicting a tenant, and under 24 CFR 247.6(c), a tenant may rely on state or local law governing eviction procedures where that law gives the tenant procedural rights in addition to those provided in the regulations, except where preempted. In this case, plaintiff was required to comply with the procedural requirements of § 5714 and § 34. These statutes do not authorize a seven-day notice to quit for the type of activity forming the basis of the present eviction action. The notice was void and the action should have been dismissed.

v

The judgments of the lower courts must be vacated and the action dismissed without prejudice. As such, we need not reach defendant's other arguments.

Reversed and remanded to the circuit court for further action consistent with this opinion. We do not retain jurisdiction.