HAMILTON v AAA MICHIGAN

Docket No. 217618. Submitted December 5, 2000, at Detroit. Decided December 4, 2001, at 9:20 A.M.

Angela Hamilton, as next friend of Tiandra Gunn, her teenage daughter, brought an action in the Wayne Circuit Court against AAA Michigan, alleging that AAA was responsible under subsection 3107(1)(a) of the no-fault insurance act, MCL 500.3107(1)(a), for the cost of providing basic telephone and television service for Tiandra while she was hospitalized following a motor vehicle accident. The plaintiff also requested that the court certify a class of plaintiffs, including all insureds who incurred while hospitalized basic telephone and television use fees that AAA refused to pay. The court, Marianne O. Battani, J., entered an order requiring AAA to pay for the telephone and television service provided to Tiandra, permanently enjoining AAA from refusing to pay regular inpatient telephone and television access charges for hospitalized insureds, and certifying a class of plaintiffs consisting of all those insured by AAA who have received fourteen days or more of inpatient medical treatment and incurred telephone and television access charges that were denied by AAA. AAA appealed by leave granted.

The Court of Appeals *held*:

1. Whether charges for basic inpatient telephone and television services are reasonably necessary to a patient's care, recovery, or rehabilitation pursuant to subsection 3107(1)(a) is a question of fact that requires consideration of the individual circumstances of each claimant. The court erred in granting a permanent injunction requiring AAA to pay for such services irrespective of the circumstances of each claimant's case. That part of the order must be reversed.

2. The court erred in certifying the class. The requisite commonality needed for certification as a class action was not established because an individual analysis of the facts and circumstances of each claimant must be made to determine whether the telephone and television access charges are an allowable expense under subsection 3107(1)(a) with regard to each claimant. That part of the order must be reversed and the matter must be remanded for further proceedings.

Reversed and remanded.

INSURANCE — NO-FAULT — ALLOWABLE EXPENSES.

Whether charges for basic inpatient telephone and television services are allowable expenses under the no-fault act is a question of fact requiring consideration of the individual circumstances of each claimant's case (MCL 500.3107[1][a]).

*Lipton & Lipton, P.C.* (by *Marc Lipton* and *Jody Lipton*) (*Donald M. Fulkerson,* of Counsel), for the plaintiff.

*Goren & Goren, P.C.* (by *Steven E. Goren*), Co-Counsel for the Plaintiff for Class Action Only.

*Lanctot, McCutcheon, Schoolmaster, Taylor & Hom* (by *David R. Tuffley*), and *Bodman, Longley & Dahling, L.L.P.* (by *James A. Smith* and *Charles N. Raimi*) (*Gross, Nemeth & Silverman, P.L.C.,* by *Mary T. Nemeth,* of Counsel), for AAA Michigan.

Amici Curiae:

*Bodman, Longley & Dahling, L.L.P.* (by *James A. Smith, Diane L. Akers,* and *Thomas G. Cecil*), for State Farm Mutual Automobile Insurance Company.

*John A. Lydick,* for the Insurance Information Association of Michigan.

*Dykema Gossett PLLC* (by *Donald S. Young* and *Ronald J. Torbert*), for the Michigan Catastrophic Claims Association.

Before: BANDSTRA, C.J., and WILDER and COLLINS, JJ.

WILDER, J. In this insurance dispute, defendant AAA Michigan appeals by leave granted from the trial court's order permanently enjoining AAA from refusing to pay regular inpatient telephone and television

access charges for hospitalized insureds and certifying a class of plaintiffs consisting of all those insured by AAA who have received fourteen days or more of inpatient medical treatment and incurred telephone and television access charges that were denied by AAA. We reverse and remand.

### I. BASIC FACTS AND PROCEDURAL BACKGROUND

Plaintiff Angela Hamilton, as next friend of her teenage daughter Tiandra Gunn, filed suit against AAA for automobile insurance benefits under subsection 3107(1)(a) of Michigan's no-fault insurance act, MCL 500.3107(1)(a), after Tiandra was severely and permanently injured in a bus accident. Plaintiff's insurance, primary health insurance through Omni Care and coordinated no-fault medical coverage through AAA, covered all Tiandra's medical expenses incurred during her eight-week hospitalization except for a $140 charge for Tiandra's telephone and television use while hospitalized. Both Omnicare and AAA refused to pay the television and telephone charges.

Plaintiff initially sued AAA to recover only for Tiandra's attendant care and replacement services and those claims have been settled. Plaintiff later filed an amended complaint adding count III, alleging that AAA was responsible under § 3107 of the no-fault act for Tiandra's basic telephone and television charges while hospitalized, and count IV, alleging that AAA's policy of denying claims violated the Michigan Consumer Protection Act, MCL 445.901 *et seq.* Plaintiff additionally requested that the trial court certify a class of plaintiffs, including all insureds who, while hospitalized, incurred basic telephone and television use fees that AAA refused to pay.

AAA filed a motion for summary disposition pursuant to MCR 2.116(C)(10) with regard to counts III and IV of plaintiff's amended complaint. With respect to count III, the trial court ruled that plaintiff was allowed to recover from AAA the telephone and television expenses under subsection 3107(1)(a) of the no-fault act, reasoning as follows:

> Under the circumstances of this particular case, where we have a person who evidently is unable to leave bed without some difficulty because of the amputation of a leg, who has had to have extensive rehabilitation in a hospital setting, the Court finds that a [sic] telephone access and TV access are reasonable services to be made available to an injured person and the Court does not interpret [subsection] 3107(1)(a) as limiting those services to medically necessary services, but as those services that would accommodate an injured person. And for those reasons the Court will grant . . . plaintiff's motion for summary disposition for payment of those costs and deny defendant's motion to dismiss those counts.

The trial court declined to consider plaintiff's request for class certification, but briefly stated that it was not inclined to certify the class because it made findings based on the particular facts and circumstances of plaintiff's case and, thus, plaintiff was not representative of the class. However, the trial court agreed to entertain arguments regarding the issue at a subsequent hearing.

At the subsequent hearing on plaintiff's request for class certification, plaintiff argued that a class action would be the only remedy for persons such as Tiandra who were charged for basic television and telephone service while hospitalized, but had already paid their hospital bill. Plaintiff described the question presented as whether AAA's insureds who were

hospitalized for fourteen days or longer were entitled to reimbursement for all medical expenses, including basic telephone and television services, under subsection 3107(1)(a) of the no-fault act. AAA responded that individual fact questions existed in each case and, while it did not dispute the trial court's award of $140 to plaintiff for the telephone and television charge in the instant case, class certification was not appropriate because the no-fault act was not designed for class action claims or other broad injunctive relief where every case requires an individual factual determination regarding the proper remedy. AAA further noted that, contrary to plaintiff's contention that AAA has a strict "no-pay" policy regarding these charges, its policy was to pay for basic inpatient telephone and television expenses only when a doctor opined that the services were necessary for cognitive stimulation or other medical reasons.

At the conclusion of the hearing, the trial court found that basic inpatient telephone and television expenses were "reasonable accommodations" and were "reasonably necessary" under subsection 3107(1)(a) of the no-fault act:

> I guess the ruling, I should say, goes on how I interpret what § 3107 says for allowable expenses. I cannot fathom that in this day and age where televisions—they would wheel them in if you said, if you wanted them, and the television would come in, television and telephones have become so acceptable as a reasonable accommodation of daily living, that they are made available in virtually every hospital or health care facility to every bed, not only to a room, but to a bed in a room, in recognition, I believe, that this is a reasonable accommodation of daily living and certainly under the No-Fault Act it is to accommodate the care, recovery and rehabilitation of a person and therefore one

should be at least as comfortable as possible as they would be at home. That is what those natural accommodations of a TV or a telephone are. The Court will take judicial notice of just the standard of our homes in today's society having not one television but multiple televisions. There are very few homes that don't have multiple televisions. There are very few homes that don't have multiple telephones including—what do you call those—cordless telephones, cell phones, now cell digital phones. So I believe that the No-Fault Act is a live and breathing act because it doesn't delineate the specific items for which compensation is allowed, but it gives categories, and that is those as previously indicated under § 3107 that are reasonably necessary or a reasonable accommodation for an injured person.

The trial court granted a permanent injunction prohibiting AAA from refusing to pay basic inpatient telephone and television access charges for hospitalized insureds, and ordered AAA to pay reasonable charges for basic inpatient telephone and television access, excluding extra items such as charges for long distance or toll calls, pay-per-view television, and video rental fees. The trial court additionally certified a class of plaintiffs consisting of all insureds who received fourteen days or more of inpatient medical treatment and incurred during their stay in the hospital basic telephone and television access charges that were denied by AAA. This Court granted AAA's application for leave to appeal the trial court's entry of a permanent injunction and certification of a class. *Hamilton v AAA Michigan*, unpublished order of the Court of Appeals (Docket No. 217618).

## II. STANDARD OF REVIEW

Statutory interpretation is a question of law that is reviewed de novo on appeal. *Oakland Co Bd of Co Rd*

*Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998); *Ypsilanti Housing Comm v O'Day*, 240 Mich App 621, 624; 618 NW2d 18 (2000). The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). The first criterion in determining legislative intent is the specific language of the statute. *Housing Comm, supra* at 624. If the plain and ordinary meaning of the language is clear, judicial construction is neither necessary nor permitted, unless a literal construction of the statute would produce unreasonable and unjust results inconsistent with the purpose of the statute. *Id.* When interpreting a statute, courts should avoid any construction that would render a statute, or any part of it, surplusage or nugatory. *Id.* at 624-625.

The granting of injunctive relief is within the sound discretion of the trial court and must be based on the facts of the particular case. *Cipri v Bellingham Frozen Foods, Inc*, 235 Mich App 1, 9; 596 NW2d 620 (1999); *Wilkins v Gagliardi*, 219 Mich App 260, 276; 556 NW2d 171 (1996). Injunctive relief should be granted only when justice requires it, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable harm. *Wilkins, supra.*

This Court reviews a trial court's order of class certification for clear error. *Mooahesh v Dep't of Treasury*, 195 Mich App 551, 556; 492 NW2d 246 (1992), criticized on other grounds in *Silverman v Univ of Michigan Bd of Regents*, 445 Mich 209; 516 NW2d 54 (1994).

III. DISCUSSION

A. PERMANENT INJUNCTION

AAA argues that the trial court erred in issuing a permanent injunction requiring it to include basic inpatient television and telephone charges as an "allowable expense" under subsection 3107(1)(a) of the no-fault act for all insureds, without considering the individual circumstances of each claimant. Although Michigan courts have previously decided whether certain expenses constitute "allowable expenses" under the no-fault act,[1] the question whether basic television and telephone service fees are "reasonably necessary" to a patient's "care, recovery, or rehabilitation" under subsection 3107(1)(a) of the no-fault act has never been addressed by our courts. Therefore, in resolving this issue of first impression, we look first to the plain language of the statute. Because the statutory language is clear and unambiguous, we conclude that the trial court's finding that AAA must pay basic inpatient television and telephone expenses for all hospitalized insureds, irrespective of the unique circumstances of each claimant's case, contradicts the express language of subsection 3107(1)(a). Accordingly, we find that whether

---

[1] See *Booth v Auto-Owners Ins Co*, 224 Mich App 724; 569 NW2d 903 (1997) (attendant care provided by family member is an "allowable expense" under subsection 3107[1][a] of the no-fault act); *Reed v Citizens Ins Co of America*, 198 Mich App 443; 499 NW2d 22 (1993) (family members may be compensated for room and board and maintenance costs provided to injured person in need of care who would otherwise be institutionalized); *Botsford General Hosp v Citizens Ins Co*, 195 Mich App 127; 489 NW2d 137 (1992) (recipient of no-fault personal protection insurance benefits can recover for replacement services such as mowing the grass, taking out the garbage, shoveling the snow, and grocery shopping provided by family members).

charges for basic inpatient telephone and television services are allowable expenses under the no-fault act is a question of fact subject to analysis case by case in each claim. We further find that the trial court abused its discretion in granting a permanent injunction against AAA and we reverse that part of the order.

Pursuant to § 3107 of the no-fault act, personal protection insurance (PIP) benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation."

> Under this statutory scheme, an insurer is not *liable* for any medical expense to the extent that it is not a reasonable charge for a particular product or service, or if the product or service itself is not reasonably necessary. The plain and unambiguous language of § 3107 makes both reasonableness and necessity explicit and necessary elements of a claimant's recovery, and thus renders their absence a defense to the insurer's liability. In addition, the burden of proof on these issues lies with the plaintiff. [*Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 49; 457 NW2d 637 (1990) (emphasis in original).]

In order for a no-fault insurer to be responsible for a particular expense, three requirements must be satisfied: (1) the expense must have been incurred by the insured, (2) the expense must have been for a product, service, or accommodation reasonably necessary for the injured person's care, recovery, or rehabilitation, and (3) the amount of the expense must have been reasonable. *Id.* at 49-50; *Booth v Auto-Owners Ins Co*, 224 Mich App 724, 727; 569 NW2d 903 (1997). Where a plaintiff has failed to meet the burden of

showing that a particular expense has been incurred for a reasonably necessary product or service, "there can be no finding of a breach of the insurer's duty to pay that expense, and thus no finding of liability with regard to that expense." *Nasser, supra* at 50.

The disputed issue in this case is whether basic inpatient telephone and television use is an expense that is "reasonably necessary" for the "injured person's care, recovery, or rehabilitation" as contemplated by the statute. AAA contends that the trial court's grant of injunctive relief, effectively holding that basic inpatient telephone and television use is always "reasonably necessary" for a patient's "care, recovery, or rehabilitation" and, therefore, is always an "allowable expense" under subsection 3107(1)(a) of the no-fault act, was an overly broad remedy that runs afoul of the express language in the statute. AAA argues that whether an expense is "reasonably necessary" for a patient's care, recovery, or rehabilitation is a fact question, dependent on whether the claimant can meet the burden to show not only "reasonableness" and "necessity" of the product, service, or accommodation, but also a causal connection between the expense and the injured patient's "care, recovery, or rehabilitation." We agree.

Section 3107 of the act was promulgated in order "to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses at the lowest cost to both the individual and the no-fault insurance system." *Kitchen v State Farm Ins Co*, 202 Mich App 55, 58; 507 NW2d 781 (1993); see also *Nelson v Transamerica Ins Services*, 441 Mich 508, 514; 495 NW2d 370 (1992). While "the no-fault act is not limited strictly to the payment

of medical expenses," *Heinz v Auto Club Ins Ass'n*, 214 Mich App 195, 197; 543 NW2d 4 (1995), it has never been found to require payment for expenses not causally connected to an injured person's care, recovery, or rehabilitation. *Id.* To this end, costs resulting from the appointment of guardians or conservators to perform services for seriously injured persons, and room and board, attendant care, modifying vehicles for paralyzed individuals, rental expenses, and similar costs have been found by this Court to be reasonably necessary expenses under subsection 3107(1)(a).[2] However, this Court has also ruled that an insured is not entitled to reimbursement for ordinary mileage and increased office expenses, nor are insured's entitled to own a home provided by the insurer.[3] It is under the framework of these cases that we examine whether television and telephone

[2] See *Heinz, supra* (the appointment of a guardian and conservator, and the services they performed for a person seriously injured in an automobile accident, were reasonably necessary to provide for the person's care); *Reed,* n 1, *supra* (room, board, and attendant care are covered expenses); *Davis v Citizens Ins Co of America*, 195 Mich App 323; 489 NW2d 214 (1992) (cost of acquiring a van modified for use by a paraplegic insured was a covered expense); *Sharp v Preferred Risk Mut Ins Co*, 142 Mich App 499, 511-512; 370 NW2d 619 (1985) (rental expenses to accommodate an injured person after discharge from the hospital were reasonably necessary and thus compensable under the statute). See also *Booth, supra; Botsford General Hosp,* n 1, *supra.*

[3] This Court refused to hold an insurer liable for mileage expenses related to the insured paraplegic's use of a modified van, *Davis,* n 2, *supra,* and did not require an insurer to give the insured legal title to a newly constructed home designed to accommodate her limitations because such ownership was not necessary for the insured's care. *Kitchen, supra* at 58-59. More recently, this Court held that increased office expenses as a result of an injured person's limitations are not recoverable expenses "relating to 'rehabilitation' " under subsection 3107(1)(a) and further opined that they were not recoverable as "care" or "recovery" expenses either. *Maxwell v Citizens Ins Co of America*, 245 Mich App 477, 483, 487 n 1; 628 NW2d 95 (2001).

charges are "reasonably necessary expenses" that require reimbursement from the no-fault carrier.

Our courts have routinely used the ordinary dictionary definitions of words in construing the no-fault act. *Maxwell v Citizens Ins Co of America*, 245 Mich App 477, 482; 628 NW2d 95 (2001); see also *Bailey v DAIIE*, 143 Mich App 223, 225-226; 371 NW2d 917 (1985). In *Bailey, supra*, this Court stated:

> It is a cardinal rule of statutory interpretation that the reviewing court is to give effect to the intent of the Legislature. Words should generally be given their ordinary meanings. If the language of the statute is clear, it is assumed that the Legislature intended the plainly expressed meaning, and the statute must be enforced as written. [*Id.* at 225 (citations omitted).]

In this regard, we note that "reasonable" is defined as "agreeable to or . . . logical" and that "necessary" means "essential, indispensable, or requisite." *Random House Webster's College Dictionary* (1997). In addition, we note that "care" entails "serious attention" or "protection" and that "recovery" refers to "restoration or return to any former or better condition, esp[ecially] to health from sickness, injury, addiction, etc." *Id.* Further, we note that "rehabilitate" is defined as "to restore or bring to a condition of good health, ability to work, or productive activity." *Id.*; see also *Maxwell, supra; Bailey, supra.*[4] We are not persuaded that televisions and telephones can, in light of the ordinary usage of the words and the plain language of the statute, always be considered to be

---

[4] While we note that there are alternative definitions to all these terms, we are persuaded that the definitions described above are appropriate to this discussion.

"reasonably necessary" for the "care, recovery, or rehabilitation" of an injured person.

Our conclusion that televisions and telephones are not always reasonably necessary items under the no-fault act is buttressed by the further provision in subsection 3107(1)(a) that "[a]llowable expenses within personal protection insurance coverage *shall not include charges for a hospital room in excess of a reasonable and customary charge for semiprivate accommodations* except if the injured person requires special or intensive care. . . ." (Emphasis supplied.) The structure of the statute dispels the notion that there is a "bright-line" rule for determining allowable expenses under the act. Consistent with our Supreme Court's holding in *Nasser*, supra at 55, we find that the question whether expenses are reasonably necessary is generally one of fact for the jury to decide.

Similar conclusions have been reached by various federal courts deciding whether television and telephone expenses are reimbursable under the Medicare Act, 42 USC 1395 *et seq*. In *Bethesda Hosp Ass'n v Harris*, 1984 WL 48804 (SD Ohio, 1984), the United States District Court for the Southern District of Ohio considered whether certain items of care provided by the hospital to Medicare beneficiaries were excluded from reimbursement as "non-allowable" expenses. The district court noted that items or services that are unnecessary for patient care or that constitute "personal comfort" items were not reimbursable. *Id*. The phrase "personal comfort items" was not expressly defined in the statute, but the Secretary of Health and Human Services promulgated regulations describing "personal comfort items and services" to

include a television set, telephone, or radio. *Id.* The district court rejected the plaintiffs' argument that costs for bedside telephones should be covered because telephones were a therapeutic aid in the treatment of patients, and instead ruled that the costs of these items, which were furnished to patients solely for their personal comfort, were not included in allowable costs of providers under the Medicare program. The district court noted that

> [i]f telephone service were to be made reimbursable as a therapeutic item, all items or services which might arguably be therapeutic, such as televisions or gift shops, would also have to be allowable expenses under the Medicare Act [and a] reading of the Act and its legislative history indicates that Congress clearly did not intend that result. [*Id.* at 4.]

Likewise, in *Arlington Hosp v Heckler*, 731 F2d 171, 174 (CA 4, 1984), the Fourth Circuit Court of Appeals upheld the Secretary of Health and Human Services' decision that "the costs of telephones for the personal use of patients, like television sets, are, despite their therapeutic value, not reimbursable under Medicare." The court noted that a bedside telephone was a personal comfort item that, despite its therapeutic benefit, was not directly related or essential to the delivery of health care services so as to justify reimbursement under Medicare. *Id.* "Certainly, it was not the intent of Congress to reimburse the cost of every item with tangential therapeutic value, merely because a hospital undertakes to furnish that item routinely to its patients." *Id.* In a footnote, the court acknowledged that reimbursement was available where patient telephones were used in a manner directly related to health care (e.g., intrahospital medical communications), but held that, in general, the

costs associated with bedside telephones were not reimbursable under the Medicare program. *Id.* at 174, n 5. See also *Saint Mary of Nazareth Hosp Center v Schweiker*, 698 F2d 1337 (CA 7, 1983).

We agree with the federal courts' conclusions that, on the surface, services such as telephones and televisions are more properly seen as personal comfort items that have no relation to a patient's health care, recovery, or rehabilitation. Something more, such as a specific prescription by a physician or medical professional, is required to establish the causal relationship required under the no-fault act. Consistent with the underlying purpose of our no-fault statute "to provide . . . assured, adequate, and prompt reparation for certain economic losses at the lowest cost to both the individual and the no-fault insurance system," *Kitchen, supra* at 58; *Nelson, supra,* we conclude that plaintiff has failed to satisfy her burden of showing that television and telephone services used during hospitalization are always "reasonably necessary" for a patient's care, recovery, or rehabilitation sufficient to warrant recovery under subsection 3107(1)(a) as a matter of law.

We do not quarrel with plaintiff's observation concerning the practicality and convenience of telephones and televisions in today's society. However, plaintiff offers no meaningful distinction between basic telephone and television service and other items such as books, radios, laptop computers, and so forth, all of which may be claimed to contribute in a general way to a patient's care, recovery, or rehabilitation, but none of which may be reasonably necessary in a specific instance. As a matter of law, the no-fault act requires more than a general notion that a

certain item might assist a patient for that item to be found to be an "allowable expense" under subsection 3107(1)(a).

For the reasons articulated above, we conclude that the trial court erred in granting a permanent injunction against AAA and we reverse that part of the order.

### B. CLASS CERTIFICATION

AAA argues that the trial court erred in certifying a class of potential plaintiffs for a class action because there was not a common fact question amongst the class of plaintiffs. We agree.

Under MCR 3.501(A)(1), five requirements must be met in order to certify a class action: (1) numerosity of claims, (2) typicality of claims, (3) a plaintiff that adequately represents the class, (4) commonality of law and fact questions, and (5) promoting the convenient administration of justice. The parties agree that the only two requirements that are at issue in this case are factors four and five, whether a "common fact question" exists amongst all the claimants, and whether the class action will promote "the convenient administration of justice."

Plaintiff contends that "commonality" is satisfied because the class members all have insurance policies issued by AAA, were all injured in automobile accidents, were all hospitalized within the past four years for fourteen days or longer as a result of their injuries, were all billed for basic television and telephone access while hospitalized, and none were reimbursed by AAA for these charges. Plaintiff also contends that a class action would promote "the conve-

nient administration of justice" because all the potential claimants have been treated the same by AAA (i.e., refused payment for basic television and telephone use while hospitalized) and none could afford to bring individual suits given the small recovery each would receive. AAA, on the other hand, argues that a class action is inappropriate because the nature of the inquiry under the statute does not lend itself to class certification where the Legislature intended for the court to inquire into each claimant's particular facts and circumstances in order to decide whether certain charges were "allowable expenses" and, thus, reimbursable, under subsection 3107(1)(a).

In light of our conclusion that the question whether access to basic telephone and television services for hospitalized insureds is an "allowable expense" under subsection 3107(1)(a) depends on an individual analysis of the facts and circumstances of each claimant, we find that the requisite "commonality" for certification of a class action has not been established. Each claimant seeking reimbursement for basic inpatient telephone and television services will have unique circumstances that must be examined before determining whether telephone and television use were "reasonably necessary" for that patient's care, recovery, or rehabilitation. Accordingly, the trial court erred in certifying the class and we reverse that part of the order.

Reversed and remanded for action consistent with this opinion. We do not retain jurisdiction.