HEINZ v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 174298. Submitted October 4, 1995, at Escanaba. Decided October 31, 1995, at 9:15 A.M. Leave to appeal sought.

Betty M. Heinz, as personal representative of the estate of William Bannister, brought an action in the Schoolcraft Circuit Court against Auto Club Insurance Association, seeking reimbursement of the fees and expenses associated with the guardianship of Bannister under the personal protection provision of § 3107(1)(a) of the no-fault insurance act, MCL 500.3107(1)(a); MSA 24.13107(1)(a). Bannister had become incapacitated as the result of injuries suffered in an automobile accident for which the defendant was the no-fault insurer. As a result of that incapacity, the plaintiff had been appointed Bannister's guardian and conservator. The defendant argued that the allowable expenses payable pursuant to § 3107(1)(a) are limited to expenses associated with medical care. The court, Charles H. Stark, J., granted judgment for the plaintiff, finding that the allowable expenses payable under § 3107(1)(a) were not limited to medical expenses and that the fees and expenses of the guardianship were charges incurred for reasonably necessary services for an injured person's care. The defendant appealed.

The Court of Appeals *held:*

Although the expenses contemplated by § 3107(1)(a) clearly include medical expenses, neither that section nor the rest of the no-fault act is limited solely to satisfying the need to provide medical care and nothing else. Clearly, the costs associated with a guardian and conservator appointed as the result of an incapacity arising out of injuries suffered in an automobile accident are expenses for services that are reasonably necessary to provide for the injured person's care and are thus allowable expenses under § 3107(1)(a).

Affirmed.

AUTOMOBILES — INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — GUARDIANS — CONSERVATORS.

The fees and expenses of a guardian or a conservator appointed

REFERENCES

Am Jur 2d, Damages §§ 133-134, 197-200, 209, 601, 610.
See ALR Index under Automobile Insurance.

as the result of the incapacity of a person because of injuries suffered as the result of an automobile accident are allowable expenses under the personal protection provision of the automobile no-fault insurance act (MCL 500.3107[1][a]; MSA 24.13107[1][a]).

*Steward, Sheridan & Nancarrow* (by *Brian D. Sheridan*), for the plaintiff.

*Peacock, Ingleson & Corcoran* (by *Harry Ingleson, II* and *Joseph A. Ciucci*) (*Gross, Nemeth & Silverman, P.L.C.,* by *James G. Gross,* of Counsel), for the defendant.

Before: SAWYER, P.J., and MURPHY and W. G. SCHMA,* JJ.

SAWYER, P.J. Defendant appeals from an order of the circuit court granting judgment in favor of plaintiff on plaintiff's claim for no-fault benefits. We affirm.

William Bannister was injured in an automobile accident, and defendant was the provider of his no-fault insurance benefits. As a result of the injuries suffered in the accident, Bannister was incapacitated, and plaintiff was appointed as his guardian and conservator. Approximately two years after the accident, Bannister died. Plaintiff then became the personal representative of his estate.

At issue in this appeal is whether defendant must pay under MCL 500.3107(1)(a); MSA 24.13107(1)(a) the fees and expenses associated with the guardianship during Bannister's period of incapacity. The trial court granted summary disposition in favor of plaintiff on this issue.

Section 3107 of the no-fault act provides in pertinent part as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1) Except as provided in subsection (2), personal protection insurance benefits are payable for the following:

(a) *Allowable expenses* consisting of all reasonable charges incurred *for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation.*

Defendant argues that the plain meaning of this statute is to provide for the medical care, and only the medical care, of an individual injured in an automobile accident. We disagree. First, while defendant does cite the numerous cases indicating that § 3107 provides for the medical care of injured persons, defendant cites no cases that state that § 3107 is limited to only medical care. Rather, those cases stand only for the proposition that § 3107 includes payment of medical expenses. They do not address the question whether § 3107 has broader applicability.

Defendant further suggests that we look elsewhere in the no-fault act to see that it is replete with references to medical care and, therefore, that the purpose of the no-fault act must be to address the need for medical care and nothing more. This argument is without merit. Clearly a primary focus of the no-fault act is to ensure the payment for medical care. This is reasonable because that is likely the most common expense arising out of a motor vehicle accident, with the exception of, perhaps, collision damage itself. Defendant, however, need look no further than § 3107(1)(c) to see that the no-fault act encompasses payment of expenses beyond just medical expenses, inasmuch as § 3107(1)(c) provides for the payment of replacement services that an injured person would have performed for himself. Thus, the no-fault act is not limited strictly to the payment of medical expenses.

In short, § 3107(1)(a) provides for the payment of expenses incurred for the reasonably necessary services for an injured person's care. It is clear to us that if a person is so seriously injured in an automobile accident that it is necessary to appoint a guardian and conservator for that person, the services performed by the guardian and conservator are reasonably necessary to provide for the person's care. Therefore, they are allowable expenses under § 3107.

Affirmed. Plaintiff may tax costs.