## *In re* GEROR

Docket No. 283527. Submitted July 16, 2009, at Detroit. Decided August 6, 2009. Approved for publication November 3, 2009, at 9:00 a.m.

Jennifer L. Geror, a developmentally disabled person, petitioned the Genesee County Probate Court for the recovery of attorney fees from Farm Bureau General Insurance Company of Michigan, the no-fault insurer liable to pay benefits in connection with the accident that caused her injuries. The court, Jennie E. Barkey, J., ordered Farm Bureau to pay petitioner's attorney fees, and Farm Bureau appealed.

The Court of Appeals *held*:

1. Under MCL 700.1303(1)(*i*), a probate court has jurisdiction to hear a contract action brought by a ward. Because petitioner's mother was appointed as her guardian, the probate court had jurisdiction to hear petitioner's action arising out of the insurance contract with Farm Bureau and to award attorney fees.

2. MCL 500.3107(1)(a), part of the no-fault act, provides for the payment of expenses incurred for the reasonably necessary services for an injured person's care. In this case, petitioner's father alleged that the actions of her guardian had negatively affected petitioner's health. Acting as petitioner's attorney, Craig L. Wright investigated, sought assessment by a medical professional, reviewed the medical professional's reports, and attended depositions. Wright's ultimate task was to investigate the facts and determine whether petitioner was receiving the necessary care and represent her interests in a dispute over who would provide her future care. His legal services were directly related to petitioner's care, and his attorney fees were allowable under MCL 500.3107(1)(a).

Affirmed.

GUARDIAN AND WARD — CONTRACTS — PROBATE COURT — JURISDICTION OF PROBATE COURT — DEVELOPMENTALLY DISABLED PERSONS.

A probate court has jurisdiction under MCL 700.1303(1)(*i*) to hear a dispute between a ward and an insurer arising out of an action on an insurance contract and to award attorney fees.

*Wright and Metcalf, Attorneys at Law P.C.* (by *Craig L. Wright* and *Jason A. Metcalf*), for Jennifer L. Geror.

*Willingham & Coté, P.C.* (by *John A. Yeager* and *Leon J. Letter*), for Farm Bureau General Insurance Company of Michigan.

Before: SAAD, C.J., and SAWYER and BORRELLO, JJ.

PER CURIAM. Farm Bureau General Insurance Company of Michigan appeals the probate court's order that required Farm Bureau to pay petitioner's attorney fees. We affirm.

Respondent argues that the probate court lacked jurisdiction to order Farm Bureau to pay the petitioner's attorney fees. We disagree.

Subject matter jurisdiction is a legal issue that we review de novo on appeal. *In re Haque*, 237 Mich App 295, 299; 602 NW2d 622 (1999). "Probate courts are courts of limited jurisdiction. Const 1963, art 6, § 15. The jurisdiction of the probate court is defined entirely by statute." *In re Wirsing*, 456 Mich 467, 472; 573 NW2d 51 (1998). "[T]he Mental Health Code provides that, except in the case of minors, a guardian for a developmentally disabled person may be made pursuant only to chapter 6 of the Mental Health Code, [MCL 330.1600 *et seq.*]." *In re Neal*, 230 Mich App 723, 727; 584 NW2d 654 (1998), citing MCL 330.1604(2).

Respondent argues that MCL 330.1615, the section of the Mental Health Code pertaining to attorney fees, contains no provision that grants the probate court the authority to order payment of attorney fees by third parties like respondent. However, we conclude that this statute does not control the issue.

While it is true that appointment of a guardian for a developmentally disabled person must be done pursuant to the Mental Health Code, *Neal, supra* at 727, the issue here is attorney fees arising from an action on an insurance contract. And this Court found that question to be within the probate court's jurisdiction in *In re Shields Estate*, 254 Mich App 367; 656 NW2d 853 (2002). The Court explained:

> Under MCL 700.1303(1)(i), the probate court has jurisdiction to "[h]ear and decide a contract proceeding or action by or against an estate, trust, or *ward.*" The statute imposes no limits on the types of contract actions and, further, the Legislature explained in MCL 700.1303(3) that the purpose of the statute was to simplify the disposition of actions involving estates.... Accordingly, the probate court had jurisdiction to decide this case. [*Id.* at 369 (emphasis added).]

This reasoning applies here because, according to MCL 700.1108(a), as used in the Estates and Protected Individuals Code, " 'ward' means an individual for whom a guardian is appointed." Petitioner is a developmentally disabled person and her mother, Laurie Geror, was appointed petitioner's guardian. Therefore, petitioner is a ward, and the probate court had jurisdiction under MCL 700.1303(1)(*i*) to hear her contract dispute with respondent and to award attorney fees.

Defendant also contends that the attorney fees of petitioner's attorney, Craig L. Wright, are not "allowable expenses" under the no-fault act, MCL 500.3101 *et seq*. We disagree.

Determining what is an allowable expense under the no-fault act is a question of law, reviewed de novo. *Griffith v State Farm Mut Automobile Ins Co*, 472 Mich 521, 525-526; 697 NW2d 895 (2005). " 'The no-fault insurance act is remedial in nature and must be liber-

ally construed in favor of persons intended to benefit thereby.' " *Gauntlett v Auto-Owners Ins Co*, 242 Mich App 172, 179; 617 NW2d 735 (2000) (citations omitted). "[S]ubject to the other provisions of the act, 'an insurer is liable to pay [personal protection insurance] benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle . . . .' " *Sprague v Farmers Ins Exch*, 251 Mich App 260, 266; 650 NW2d 374 (2002), quoting MCL 500.3105(1). These personal protection insurance benefits " 'are payable only for "[a]llowable expenses." [MCL 500.3107] defines allowable expenses as "consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." ' " *Sprague, supra* at 267 (citations omitted).

This Court has previously ruled that expenses associated with both guardianship and other services can be allowable expenses. In *Heinz v Auto Club Ins Ass'n*, 214 Mich App 195, 197-198; 543 NW2d 4 (1995), this Court held that "the no-fault act is not limited strictly to the payment of medical expenses" and, furthermore, that MCL 500.3107(1)(a) "provides for the payment of expenses incurred for the reasonably necessary services for an injured person's care." Though *Heinz* framed the issue as a question whether services are reasonably necessary for an injured person's care, respondent cites several cases that specifically address the recovery of expenses by guardians. Here the probate court observed that Wright was not seeking to recover fees as a guardian, but, rather, as an attorney who provided legal services directly to petitioner, the injured individual.

The question, therefore, is whether, pursuant to *Heinz*, Wright's legal services were "reasonably necessary services for an injured person's care." *Id.* at 198.

Costs for "room and board, attendant care, modifying vehicles for paralyzed individuals, rental expenses, and similar costs have been found by this Court to be reasonably necessary expenses under [MCL 500.3107(1)(a)]." *Hamilton v AAA Michigan*, 248 Mich App 535, 545; 639 NW2d 837 (2001).

In the case at bar, Lawrence Geror, petitioner's father, filed three emergency petitions claiming that petitioner's health had been negatively affected by the actions of Laurie Geror, her guardian. Wright, acting as petitioner's attorney, visited petitioner's home, and while petitioner appeared to be healthy and receiving adequate care, Wright determined that a medical professional should assess the situation. The nurse subsequently assigned to the case produced several reports, which Wright reviewed in order to make recommendations for petitioner's care. In preparation for the hearing on guardianship, Wright also attended depositions of the medical professionals who testified regarding whether petitioner's needs were being met.

Wright's ultimate task was to investigate the facts and determine whether petitioner was receiving the necessary care, as well as represent her interests in a dispute over who, ultimately, would provide her future care. Wright's legal services were directly related to petitioner's care, and therefore Wright's attorney fees are allowable expenses pursuant to MCL 500.3107(1)(a).

Affirmed.