*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of IS.

ODETA MUCAJ,

      Appellant,

v

ELISABETH DERY, Successor Guardian,

      Appellee,

and

SHALANDA C. LEGGS and HENRY SPAHIU,

      Other Parties.

UNPUBLISHED
January 25, 2024

No. 367266
Oakland Probate Court
LC No. 2021-403561-DD

Before: GLEICHER, C.J., and GARRETT and MALDONADO, JJ.

PER CURIAM.

In this guardianship proceeding under the Mental Health Code (MHC), MCL 330.1001 *et seq.*, appellant Odeta Mucaj appeals as of right the probate court's order removing her as a partial coguardian of her daughter, IS. The probate court failed to comply with the procedures outlined in the MHC for removal of a guardian, so we vacate and remand.

## I. FACTUAL BACKGROUND

In 2007, when IS was a young child, she was injured in a car accident and suffered a traumatic brain injury resulting in permanent disabilities requiring ongoing care into her early adulthood. In November 2021, shortly after IS's 18th birthday, Mucaj filed a petition seeking appointment as IS's plenary guardian. According to Mucaj, IS had substantial functional limitations with self-care, mobility, economic self-sufficiency, receptive and expressive language,

-1-

learning, and capacity for independent living. The probate court ordered an independent evaluation of IS, as required by the MHC, MCL 330.1612(3), and appointed IS an attorney.

Following numerous adjournments, on October 6, 2022, the parties signed a temporary stipulated order agreeing that Mucaj and appellee, Elisabeth Dery, would serve as partial coguardians of IS. The parties also agreed to share guardianship duties in an arrangement designed to maximize IS's independence. For instance, the order entitled Mucaj to make all of IS's legal decisions, Dery to manage IS's finances, and IS to determine her own educational and employment pursuits. The order also maintained IS's current living arrangement and provided that IS and both her parents must be consulted about her medical treatment, with any disputes resolved by Dery. On October 17, 2022, the court entered a separate order granting Mucaj's petition and appointing Mucaj and Dery as partial coguardians for a term of five years. This order provided that Mucaj and Dery had to file an acceptance of the coguardian appointment. Dery, but not Mucaj, did so. Nonetheless, the probate court issued letters of guardianship to both individuals stating that they were appointed and qualified to act as partial coguardians of IS.

In December 2022, the probate court issued a notice to Mucaj stating that she was not qualified to act as coguardian because she had not filed an acceptance of appointment. Mucaj was then absent from the 90-day review hearing, during which both Dery and IS's father expressed concerns regarding Mucaj's conduct. They alleged that Mucaj had isolated IS and barred them from having any contact with IS. The probate court ordered Mucaj to allow IS to meet with Dery by January 31, 2023, and that if Mucaj refused to cooperate, a modification of the guardianship might be required.

Before the next review hearing, IS's appointed guardian ad litem (GAL) provided a report to the probate court that recommended removal of Mucaj as partial coguardian. On June 13, 2023, Mucaj was again absent from the review hearing. The GAL, Dery, and IS's attorney complained that Mucaj was prohibiting IS from exercising independence despite IS's academic and personal achievements and that Mucaj purposely thwarted the parties' efforts to contact or meet with IS. At the conclusion of the hearing, the probate court, on its own motion, removed Mucaj as partial coguardian and appointed Dery as sole partial guardian. The court then issued an order modifying the guardianship that memorialized the decisions made on the record. Mucaj moved for reconsideration, but the probate court denied her motion. The court concluded that Mucaj was never serving as partial coguardian because she never filed an acceptance of appointment, and this "failure, refusal, or neglect . . . created the circumstances that resulted in her removal."

Mucaj now appeals.[1]

---

[1] We granted Mucaj's motion to stay the proceedings in the probate court pending resolution of this appeal. *In re Guardianship of IS*, unpublished order of the Court of Appeals, entered November 6, 2023 (Docket No. 367266).

## II. ANALYSIS

Mucaj advances three principal arguments on appeal. First, Mucaj argues that the probate court erred by requiring that she file an acceptance of guardianship as a condition of her appointment as coguardian. Second, she contends that the probate court violated the procedures laid out in the MHC by removing her as coguardian on its own motion rather than in response to a petition seeking such relief. Third and finally, she asserts that her right to due process was violated because the virtual hearing during which she was removed as coguardian was conducted in her absence while she was stuck in a Zoom waiting room.[2]

### A. FILING AN ACCEPTANCE OF GUARDIANSHIP

We begin with Mucaj's contention that the probate court erred by requiring her to file an acceptance of appointment of the guardianship.

"[E]xcept in the case of minors, a guardian for a developmentally disabled person may be made pursuant only to chapter 6 of the [MHC]." *In re Geror*, 286 Mich App 132, 133; 779 NW2d 316 (2009) (cleaned up). See also MCL 330.1604(2). If the court determines that a guardianship is necessary, a partial rather than plenary guardianship is preferred. MCL 330.1602(2). The court may appoint a partial guardian for an individual with a developmental disability who "lacks the capacity to do some, but not all, of the tasks necessary to care for himself or herself . . . ." MCL 330.1618(4). In its order appointing a partial guardian, the court "shall define the powers and duties of the partial guardian so as to permit the individual with a developmental disability to care for himself or herself and his or her property commensurate with his or her ability to do so." MCL 330.1620(1).

Mucaj points out that the MHC, unlike the Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, contains no requirement to file an acceptance of appointment as a guardian. Therefore, in Mucaj's view, the probate court could not condition Mucaj's ability to act as coguardian on filing this document. Whether or not Mucaj is correct, the probate court issued letters of guardianship to Mucaj despite Mucaj having never filed an acceptance of appointment. "[A] court speaks through its written orders and judgments," *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009), and the letters of guardianship unambiguously stated that Mucaj was appointed and qualified to serve as partial coguardian of IS. Even if the trial court did not intend as much, the issuance of those letters granted Mucaj the authority to act as IS's partial coguardian. Under these circumstances, it is immaterial whether the trial court erred by requiring Mucaj to file an acceptance of appointment. We therefore decline to resolve the issue on its merits.

---

[2] Because of our resolution of this appeal, it is unnecessary to address Mucaj's due-process argument.

-3-

## B. SUA SPONTE REMOVAL OF COGUARDIAN

Turning to the dispositive issue, Mucaj argues that the probate court erred by removing her as partial coguardian.

We begin with a brief point about issue preservation. In most civil cases, Michigan follows the "raise or waive" rule. *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). That means the party claiming error generally must have raised the issue in the trial court to preserve it for appeal. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Under the "raise or waive" rule, "[i]f a litigant does not raise an issue in the trial court, this Court has no obligation to consider the issue." *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 3. But exceptions to the general rule apply. For example, a party "need not preserve an objection to 'a finding or decision' made by the trial court, MCR 2.517(A)(7), or, at least under some circumstances, to other acts or omissions undertaken sua sponte by a court." *Glasker-Davis*, 333 Mich App at 227-228, citing *In re Gach*, 315 Mich App 83, 97; 889 NW2d 707 (2016). And even when an issue is unpreserved, we retain discretion to "overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Tolas Oil,* ___ Mich App at ___; slip op at 3 (cleaned up).

Because the probate court issued a sua sponte decision removing Mucaj as partial coguardian, Mucaj did not have to object to this decision in order to preserve the issue for appeal. See *Glasker-Davis*, 333 Mich App at 227-228; MCR 2.517(A)(7). Mucaj's preserved challenge to her removal implicates two different standards of review. While we review issues of statutory interpretation de novo, we apply the more deferential abuse-of-discretion standard to a probate court's decision to remove a guardian. *In re Conservatorship of Bittner*, 312 Mich App 227, 235-236; 879 NW2d 269 (2015). On de novo review, we "give respectful consideration, but no deference" to the probate court's decision, *Wasik v Auto Club Ins Assoc*, 341 Mich App 691, 695; 992 NW2d 332 (2022), whereas an abuse of discretion occurs "when the court's decision falls outside the range of reasonable and principled outcomes, *Bittner*, 312 Mich App at 235. "A trial court necessarily abuses it discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

Mucaj contends that the probate court erred in removing her as coguardian because the court failed to comply with the MHC's procedures for modification of a guardianship. Once a guardian, whether partial or plenary, is appointed for a person under the MHC, the guardian may be removed through the expiration of the term of the guardianship with no new petition being filed, MCL 330.1626(3), or via the procedure outlined under MCL 330.1637 for modification or discharge of a guardianship. The letters of guardianship stated that Mucaj's term as partial coguardian did not expire until 2027, so removal had to occur under MCL 330.1637. That statute provides:

> (1) A guardian . . . appointed under this chapter may be discharged, or have his or her duties modified, when the individual's capacity to perform the tasks necessary for the care of his or her person or the management of his or her estate have changed so as to warrant modification or discharge. *The individual with a*

*developmental disability, the individual's guardian, or any interested person on his or her behalf may petition the court for a discharge or modification order under this section.*

(2) A request under subsection (1), if made by the individual with a developmental disability, may be communicated to the court by any means, including oral communication or informal letter. Upon receipt of the communication the court shall appoint a suitable person who may, but need not be, an employee of the state, county, community mental health services program, or court, to prepare and file with the court a petition reflecting the communication.

(3) The court, upon receipt of a petition filed under this section, shall conduct a hearing. At the hearing, the individual shall have all of the rights indicated in sections 615 and 617.

(4) Upon conclusion of the hearing, the court shall enter a written order setting forth the factual basis for its findings and may do any of the following:

(a) Dismiss the petition.

(b) Remove the guardian and dissolve the guardianship order.

(c) Remove the guardian and appoint a successor.

(d) Modify the original guardianship order.

(e) Make any other order that the court considers appropriate and in the interests of the individual with a developmental disability. [MCL 330.1637 (emphasis added).]

Given the procedures outlined by the MHC for removal and modification of a guardianship order, the trial court abused its discretion by sua sponte removing Mucaj as coguardian without the filing of a petition. The court had appointed a GAL and an attorney to protect IS's interests, and the GAL and Dery had the authority to petition the court to discharge Mucaj. See MCL 330.1637(1). Instead, the probate court removed Mucaj without the filing of a petition. While the court was understandably frustrated with Mucaj's alleged conduct as coguardian, the MHC did not allow the court to remove her without the filing of a petition and a hearing.[3] See MCL 330.1637(1). Considering the sensitive interests involved in a guardianship proceeding, we decline to overlook the enumerated removal procedures in the MHC and endorse a view of the statute that would allow

---

[3] MCL 300.1637(2) allows a modification request, when made by the individual with a developmental disability, to be communicated to the court "by any means." This subsection does not apply to modification requests made by other interested persons, such as the GAL. Even if it did, the subsection still requires the filing of a petition reflecting the communication. The GAL's report recommending removal of Mucaj therefore did not qualify as a petition for modification under MCL 330.1637(1).

the probate court to remove a guardian on its own initiative. Because the probate court legally erred by sua sponte removing Mucaj, the court necessarily abused its discretion. *Pirgu*, 499 Mich at 274.

We vacate the trial court's order modifying IS's guardianship and removing Mucaj as partial coguardian, and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kristina Robinson Garrett
/s/ Allie Greenleaf Maldonado

GLEICHER, C.J., did not participate.